FILED
U.S. DISTRICT COURT
IN THE UNITED STATES DISTRICT COURT DISTRICT OF COLORADO
FOR THE DISTRICT OF COLORADO

2000 NOV -2 PM 1: 33

Criminal Case No. **00-CR-481D**

JAMES R. MANSPEAKER
CLERK

UNITED STATES OF AMERICA,
        Plaintiff,

BY _____ DEP. CLK

v.

MIKE LAVALLEE,
ROD SCHULTZ,
KEN SHATTO,
DAVID PRUYNE,
ROBERT VERBICKAS,
BRENT GALL, and
JAMES BOND

        Defendants.

---

## INDICTMENT

## 18 U.S.C. §§ 241, 242, and 2

---

### COUNT I

The Grand Jury for the District of Colorado charges that:

#### Introduction

1.  At all times relevant to this indictment:

    a.  The United States Penitentiary, Florence, Colorado
    ("USP-Florence") was a facility operated and controlled
    by the United States Bureau of Prisons, which is
    responsible for the custody, control, care, and safety
    of inmates who have been sentenced to imprisonment for
    Federal crimes;

    b.  Defendants MIKE LAVALLEE, ROD SCHULTZ, KEN SHATTO,

DAVID PRUYNE, ROBERT VERBICKAS, BRENT GALL, and JAMES

BOND, were correctional officers employed at USP-

Florence and were responsible for the custody, care,

and safety of the inmates at USP-Florence.

2.   On or about January, 1995 and continuing until on or

about July, 1997, Defendants,

**MIKE LAVALLEE,**
**ROD SCHULTZ,**
**KEN SHATTO,**
**DAVID PRUYNE,**
**ROBERT VERBICKAS,**
**BRENT GALL,**
**and**
**JAMES BOND,**

along with other persons known and unknown to the grand jury,

while acting under color of the laws of the United States, did

willfully combine, conspire, and agree with one another and with

others to injure, oppress, threaten, and intimidate inmates at

the United States Penitentiary, Florence, Colorado in the free

exercise and enjoyment of the rights and privileges secured to

them by the Constitution and the laws of the United States,

namely the right not to be subjected to cruel and unusual

punishment.

## Manner, Means, and Object of the Conspiracy

3.   It was the object of the conspiracy to unjustifiably

strike, kick, assault, injure, and physically punish restrained

or compliant inmates at the USP-Florence.

4. It was further part of the conspiracy to falsely justify uses of force against inmates by falsifying Bureau of Prison Memoranda, fabricating injuries to co-conspirators, and fabricating allegations of inmate misconduct.

5. It was further part of the conspiracy to threaten officers to secure their silence.

6. It was further part of the conspiracy to perpetuate an environment within the USP-Florence allowing unlawful beatings and assaults against inmates to continue indefinitely and with impunity.

### Overt Acts

7. In furtherance of the aforesaid conspiracy and to accomplish its objectives, the following overt acts, among others, were committed within the State and District of Colorado:

    a.  In or about Spring 1995, defendant MIKE LAVALLEE informed correctional officer David Armstrong and other correctional officers that these officers had the "green light" from a prison authority to "take care of business."

    b.  In or about Spring 1995, defendant KEN SHATTO told correctional officer David Armstrong that he had entered inmates' cells and struck and beat them.

    c.  During Summer 1995, defendant MIKE LAVALLEE demonstrated to a correctional officer a means of punishing inmates by slamming them to the ground while the inmate was handcuffed.

    d.  During Summer 1995, defendant MIKE LAVALLEE encouraged a correctional officer to conceal future beatings of inmates by falsely claiming in Bureau of Prisons Memoranda that the inmate was pulling away during an escort.

4. It was further part of the conspiracy to falsely justify uses of force against inmates by falsifying Bureau of Prison Memoranda, fabricating injuries to co-conspirators, and fabricating allegations of inmate misconduct.

5. It was further part of the conspiracy to threaten officers to secure their silence.

6. It was further part of the conspiracy to perpetuate an environment within the USP-Florence allowing unlawful beatings and assaults against inmates to continue indefinitely and with impunity.

## Overt Acts

7. In furtherance of the aforesaid conspiracy and to accomplish its objectives, the following overt acts, among others, were committed within the State and District of Colorado:

a. In or about Spring 1995, defendant MIKE LAVALLEE informed correctional officer David Armstrong and other correctional officers that these officers had the "green light" from prison authorities to "take care of business."

b. In or about Spring 1995, defendant KEN SHATTO told correctional officer David Armstrong that he had entered inmates' cells and struck and beat them.

c. During Summer 1995, defendant MIKE LAVALLEE demonstrated to a correctional officer a means of punishing inmates by slamming them to the ground while the inmate was handcuffed.

d. During Summer 1995, defendant MIKE LAVALLEE encouraged a correctional officer to conceal future beatings of inmates by falsely claiming in Bureau of Prisons Memoranda that the inmate was pulling away during an escort.

e. In or about Fall 1995, defendant MIKE LAVALLEE and correctional officer David Armstrong entered the cell of an unidentified inmate and repeatedly struck and beat him.

f. On or about November 11, 1995, defendant MIKE LAVALLEE announced to CO-CONSPIRATORS that they needed to teach inmate James Harris a lesson, or words to that effect.

g. On or about November 11, 1995, soon after the comments described in Overt Act "f" above, defendant MIKE LAVALLEE, assaulted inmate James Harris by kneeing him in the back and kidneys and striking him while Harris was on the ground handcuffed.

h. On or about November 11, 1995, defendant MIKE LAVALLEE gave a fabricated Bureau of Prisons Memoranda to a correctional officer who witnessed the assault on inmate James Harris and instructed the officer to sign the Memoranda and submit it as true.

i. On or about December 1, 1995, defendant MIKE LAVALLEE slammed inmate George Herrera's head against a wall several times while Herrera was handcuffed.

j. In or about 1995, defendant MIKE LAVALLEE and other CO-CONSPIRATORS regularly bragged amongst themselves while drinking at bars about the beatings they had administered to inmates.

k. In or about 1995 and 1996, defendant KEN SHATTO told correctional officer David Armstrong that he injured himself in order to falsely claim that the injury was caused by an unidentified inmate which required a use of force against the unidentified inmate.

l. In or about January 1996, defendants MIKE LAVALLEE, ROD SCHULTZ, and other CO-CONSPIRATORS repeatedly struck inmate Ronnie Beverly in the body while Beverly was on the ground, handcuffed.

m. In or about January 1996, defendant MIKE LAVALLEE ordered correctional officer Charlotte Gutierrez, who had not yet joined the conspiracy, to leave the cell in which inmate Ronnie Beverly was being beaten in order to maintain the secrecy of the conspiracy.

n. In or about January 1996, defendant ROD SCHULTZ explained to Charlotte Gutierrez that the members of the conspiracy had to be careful about who was watching

them during their assaults on inmates.

o.  In or about January 1996, defendant MIKE LAVALLEE, and other CO-CONSPIRATORS struck and beat inmate Stanford Hadley while Hadley was face down on the ground.

p.  On or about March 9, 1996, defendants MIKE LAVALLEE and DAVID PRUYNE placed a burnt piece of paper into a locked cell of inmates Ronald Jones and Kerry Love to fabricate justification to spray the inmates with fire retardant powder.

q.  On or about March 9, 1996, defendants DAVID PRUYNE and MIKE LAVALLEE fabricated Bureau of Prisons Memoranda falsely claiming that inmates had set the fire that defendant DAVID PRUYNE had in fact set.

r.  On or about March 12, 1996, defendant ROD SCHULTZ slammed inmate Craig Hron into a wall face first while Hron was handcuffed.

s.  On or about March 12, 1996, defendant ROD SCHULTZ fabricated Bureau of Prisons Memoranda to falsely claim that inmate Hron had pulled away from him during an escort causing injury to SCHULTZ.

t.  On or about March 12, 1996, defendant ROD SCHULTZ told correctional office David Armstrong that he injured himself to falsely claim that the injury was caused by inmate Hron requiring the use of force against inmate Hron.

u.  On or about March 19, 1996, defendant ROBERT VERBICKAS dropped inmate Howard Lane face first on to the floor while Lane was handcuffed behind his back and Charlotte Gutierrez kicked inmate Lane in the ribs while he was handcuffed on the floor.

v.  On or about March 19, 1996, defendant ROBERT VERBICKAS encouraged correctional officer Charlotte Gutierrez to injure herself to falsely claim that the injury resulted from misconduct by inmate Lane requiring the use of force against inmate Lane.

w.  On or about March 19, 1996, defendant ROBERT VERBICKAS, correctional officer Charlotte Gutierrez, and an unnamed correctional officer fabricated Bureau of Prisons Memoranda to falsely claim that the injury to Charlotte Gutierrez was caused by inmate Howard Lane and that inmate Lane's injuries were caused by inmate

Lane throwing himself against objects in his cell.

x.   On or about March 21, 1996, defendants KEN SHATTO and
     BRENT GALL repeatedly struck and beat inmate Felton
     Wiggins while Wiggins was handcuffed.

y.   In or about early 1996, defendant DAVID PRUYNE struck
     and beat inmate Reginald McCoy after correctional
     officer Charlotte Gutierrez kicked inmate McCoy in the
     testicles.

z.   In or about Spring 1996, defendant DAVID PRUYNE,
     assisted by an unnamed CO-CONSPIRATOR, repeatedly
     struck and beat an unidentified handcuffed inmate,
     while the unnamed CO-CONSPIRATOR confronted an
     unexpected correctional officer witness to the beating
     by questioning whether that witness had a problem with
     the beating.

aa.  On or about May 11, 1996, defendant DAVID PRUYNE and
     correctional officer David Armstrong repeatedly struck
     and beat inmate Kevin Gilbeaux.

bb.  On or about May 20, 1996, defendant ROBERT VERBICKAS
     and correctional officer David Armstrong repeatedly
     struck and beat inmate Keith Overstreet while inmate
     Overstreet was handcuffed.

cc.  On or about May 20, 1996, defendant ROBERT VERBICKAS
     slammed inmate Keith Overstreet to the ground while
     inmate Overstreet was handcuffed during an escort to
     the Special Housing Unit.

dd.  On or about May 20, 1996, defendant ROBERT VERBICKAS
     and correctional officer David Armstrong fabricated
     Bureau of Prison Memoranda to falsely claim that inmate
     Overstreet pulled away from ROBERT VERBICKAS during the
     escort.

ee.  On or about August 8, 1996, defendant ROD SCHULTZ told
     defendants MIKE LAVALLEE and JAMES BOND, and
     correctional officer David Armstrong that they should
     retaliate against inmate William Turner for his
     repeated requests to be sent to the Administrative
     Maximum Prison facility.

ff.  On or about August 8, 1996, defendant ROD SCHULTZ
     sharpened the end of a plastic toothbrush and scraped
     his arm with it to cause injury to himself shortly
     after the comments he made described in Overt Act "ee"

above.

gg.    On or about August 8, 1996, defendants ROD SCHULTZ,
       MIKE LAVALLEE and JAMES BOND and correctional officer
       David Armstrong repeatedly struck and beat William
       Turner while Turner was in his cell shortly after the
       conduct described in Overt Act "ee" above.

hh.    On or about August 8, 1996, defendants ROD SCHULTZ,
       MIKE LAVALLEE, and JAMES BOND, and correctional officer
       David Armstrong fabricated Bureau of Prison Memoranda
       to falsely claim that injuries to ROD SCHULTZ and MIKE
       LAVALLEE were caused by inmate William Turner which
       required the use of force against inmate Turner.

ii.    On or about September 7, 1996, defendant ROD SCHULTZ
       held Stephen McClay from behind while an unnamed
       correctional officer struck inmate Stephen McClay while
       McClay was handcuffed.

jj.    On or about September 7, 1996, defendant ROD SCHULTZ
       and correctional officer Charlotte Gutierrez fabricated
       Bureau of Prisons Memoranda to claim that inmate McClay
       threw himself against objects in his cell, thereby
       injuring himself.

kk.    In or about 1996, defendant MIKE LAVALLEE repeatedly
       struck and beat an unidentified, handcuffed inmate.

ll.    In or about 1996, defendant DAVID PRUYNE acted as
       lookout for correctional officer David Armstrong while
       Armstrong repeatedly struck and beat an unidentified
       inmate.

mm.    In or about 1996, defendants ROD SCHULTZ and DAVID
       PRUYNE assisted correctional officer Charlotte
       Gutierrez in removing inmate Jamar Phenis from his cell
       for the purpose of assaulting him.

nn.    In or about 1996, defendants ROD SCHULTZ and DAVID
       PRUYNE assisted correctional officer Charlotte
       Gutierrez as she repeatedly squeezed the testicles of
       inmate Jamar Phenis while he was handcuffed.

oo.    In or about 1996, defendant ROD SCHULTZ instructed
       correctional officer Charlotte Gutierrez on methods of
       beating an inmate which would not leave any marks or
       bruises on the inmate's body.

pp.    In or about Summer 1996, defendant DAVID PRUYNE choked

an unidentified, handcuffed inmate until the inmate's eyes began to bulge.

qq.   On several occasions during the scope of the conspiracy defendants ROD SCHULTZ, MIKE LAVALLEE, and other CO-CONSPIRATORS concealed urine or feces in the food trays of inmates for the purpose of having the inmates consume the urine or feces.

rr.   In or about 1996 and 1997, defendants MIKE LAVALLEE, ROD SCHULTZ, and other CO-CONSPIRATORS, told correctional officer Charlotte Gutierrez which correctional officers could and could not be trusted with knowledge of the conspiracy.

ss.   In or about Spring 1997, defendant JAMES BOND saw correctional officer Jake Geiger strike and beat inmate Jose Perez-Amadour and failed to report the beating to USP-Florence or other federal authorities.

tt.   In or about January 1997, defendants KEN SHATTO and ROBERT VERBICKAS gave cigarettes to inmates to secure their silence and not report that correctional officer Jake Geiger repeatedly struck and beat inmate Christopher Rawls.

uu.   On or about June 11, 1997, defendants MIKE LAVALLEE and ROBERT VERBICKAS stomped and kicked inmate Ellis Lard while he was on the ground handcuffed and shackled.

vv.   On or about June 11, 1997, defendant ROBERT VERBICKAS encouraged a correctional officer who witnessed the beating of inmate Lard to conceal knowledge of the beating from investigating authorities.

ww.   In or about Summer 1997, defendant ROBERT VERBICKAS threatened to harm a correctional officer who witnessed and reported abuse to inmate Lard.

xx.   In or about 1997, ROBERT VERBICKAS threatened a correctional officer who criticized the assaults on inmates by members of the conspiracy by stating that we might be slow to respond to your next body alarm, or words to that effect, implying that members of the conspiracy would not aid the correctional officer in the event he was attacked by an inmate.

yy.   On several occasions during the scope of the conspiracy, defendants ROD SCHULTZ and MIKE LAVALLEE, instructed correctional officers to "lie till you die"

about the abuses committed against inmates.

zz.   On several occasions during the scope of the conspiracy
      ROD SCHULTZ, MIKE LAVALLEE, and other CO-CONSPIRATORS,
      instructed each other that "what starts in segregation,
      stays in segregation" as a way of reinforcing the
      agreement amongst themselves to lie to investigating
      officials regarding assaults against inmates.

In violation of Title 18, United States Code, Section 241.

### COUNT II

The Grand Jury for the District of Colorado charges that:

8.    On or about November 11, 1995, in Florence, Colorado,
within the District of Colorado, defendants

**MIKE LAVALLEE
and
ROD SCHULTZ,**

then employees of the United States Bureau of Prisons, while

acting under color of the laws of the United States of America,

aiding and abetting each other, did strike, choke, kick, and beat

Christopher Harris, an inmate at the United States Penitentiary,

Florence, Colorado, while Christopher Harris was handcuffed,

resulting in bodily injury to Christopher Harris, and did thereby

willfully deprive Christopher Harris of a right secured and

protected by the Constitution and laws of the United States,

namely the right not to be subjected to cruel and unusual

punishment.

In violation of Title 18, United States Code, Sections 242

and 2.

## COUNT III

The Grand Jury for the District of Colorado charges that:

9. On or about March 19, 1996 in Florence, Colorado, within the District of Colorado, defendant

**ROBERT VERBICKAS,**

then an employee of the United States Bureau of Prisons, while acting under color of the laws of the United States of America, aiding and abetting a correctional officer known to the Grand Jury, did strike, choke, kick, and beat Howard Lane, an inmate at the United States Penitentiary, Florence Colorado, while Howard Lane was handcuffed, resulting in bodily injury to Howard Lane, and did thereby willfully deprive Howard Lane of a right secured and protected by the Constitution and laws of the United States, namely the right not to be subjected to cruel and unusual punishment.

In violation of Title 18, United States Code, Sections 242 and 2.

## COUNT IV

The Grand Jury for the District of Colorado charges that:

10. On or about March 21, 1996, in Florence, Colorado, within the District of Colorado, defendants

**KEN SHATTO**
**and**
**BRENT GALL,**

then employees of the United States Bureau of Prisons, while acting under color of the laws of the United States of America, aiding and abetting each other, did strike, choke, kick, and beat Felton Wiggins, an inmate at the United States Penitentiary, Florence, Colorado, while Felton Wiggins was handcuffed, resulting in bodily injury to Felton Wiggins, and did thereby willfully deprive Felton Wiggins of a right secured and protected by the Constitution and laws of the United States, namely the right not to be subjected to cruel and unusual punishment.

In violation of Title 18, United States Code, Sections 242 and 2.

### COUNT V

The Grand Jury for the District of Colorado charges that:

11.  On or about May 11, 1996, in Florence, Colorado, within the District of Colorado, defendant

### DAVID PRUYNE,

then an employee of the United States Bureau of Prisons, while acting under color of the laws of the United States of America, aiding and abetting a correctional officer known to the Grand Jury, did strike, choke, kick, and beat Kevin Gilbeaux, an inmate at the United States Penitentiary, Florence, Colorado, resulting in bodily injury to Kevin Gilbeaux, and did thereby willfully deprive Kevin Gilbeaux of a right secured and protected by the Constitution and laws of the United States, namely the right not to be subjected to cruel and unusual punishment.

In violation of Title 18, United States Code, Sections 242 and 2.

## COUNT VI

The Grand Jury for the District of Colorado charges that:

12. On or about May 20, 1996 in Florence, Colorado, within the District of Colorado, defendant

### ROBERT VERBICKAS,

then an employee of the United States Bureau of Prisons, while acting under color of the laws of the United States of America, aiding and abetting a correctional officer known to the Grand Jury, did strike, choke, kick, and beat Keith Overstreet, an inmate at the United States Penitentiary, Florence, Colorado, while Keith Overstreet was handcuffed, resulting in bodily injury to Keith Overstreet, and did thereby willfully deprive Keith Overstreet of a right secured and protected by the Constitution and laws of the United States, namely the right not to be subjected to cruel and unusual punishment.

In violation of Title 18, United States Code, Sections 242 and 2.

## COUNT VII

The Grand Jury for the District of Colorado charges that:

13. On or about August 8, 1996, in Florence, Colorado, within the District of Colorado, defendants

### MIKE LAVALLEE,
### ROD SCHULTZ,
### and

**JAMES BOND,**

then employees of the United States Bureau of Prisons, while acting under color of the laws of the United States of America, aiding and abetting one another and a correctional officer known to the Grand Jury, did strike, choke, kick and beat William Turner, an inmate at the United States Penitentiary, resulting in bodily injury to William Turner, and did thereby willfully deprive William Turner of a right secured and protected by the Constitution and laws of the United States, namely the right not to be subjected to cruel and unusual punishment.

In violation of Title 18, United States Code, Sections 242 and 2.

## COUNT VIII

The Grand Jury for the District of Colorado charges that:

14. In or about Summer 1996, in Florence, Colorado, within the District of Colorado, defendant

**DAVID PRUYNE,**

then an employee of the United States Bureau of Prisons, while acting under color of the laws of the United States of America, did strike, kick, choke, and beat an unidentified inmate at the United States Penitentiary, Florence, Colorado while the unidentified inmate was handcuffed, resulting in bodily injury to the unidentified inmate, and did thereby willfully deprive the unidentified inmate of a right secured and protected by the Constitution and laws of the United States, namely the right not

to be subjected to cruel and unusual punishment.

In violation of Title 18, United States Code, Sections 242 and 2.

## COUNT IX

The Grand Jury for the District of Colorado charges that:

15. On or about June 11, 1997, in Florence, Colorado, within the District of Colorado, defendants

**MIKE LAVALLEE**
**and**
**ROBERT VERBICKAS,**

then employees of the United States Bureau of Prisons, while acting under color of the laws of the United States of America, aiding and abetting each other, did strike, choke, kick, and beat Ellis Lard, an inmate at the United States Penitentiary, Florence, Colorado while Ellis Lard was handcuffed, resulting in bodily injury to Ellis Lard, and did thereby willfully deprive Ellis Lard of a right secured and protected by the Constitution and laws of the United States, namely the right not to be subjected to cruel and unusual punishment.

In violation of Title 18, United States Code, Sections 242 and

2.

A TRUE BILL:

_Patricia C. Thacker_

Foreperson

THOMAS L. STRICKLAND
United States Attorney

By: _Robert E. Mydans_

Robert E. Mydans
Assistant United States Attorney

BILL LANN LEE
Assistant Attorney General
Civil Rights Division
U.S. Department of Justice

By: _Mark Blumberg_

Mark Blumberg
Trial Attorney
Civil Rights Division
U.S. Department of Justice

By: _Richard McNally_

Richard McNally
Trial Attorney
Civil Rights Division
U.S. Department of Justice

DATE:

FILED
U.S. DISTRICT COURT
DISTRICT COLORADO
November 2, 2000

2000 NOV -2 PM 1: 33

JAMES R. MANSPEAKER
CLERK

BY_____DEP. CLK

DEFENDANT:      Mike Lavallee

ADDRESS:

OFFENSE:        Count 1: 18 USC § 241: Conspiracy Against Rights
                Counts 2, 7-9: 18 USC §§ 242 and 2: Deprivation of Rights Under Color
                of Law

PENALTY:        Count 1:  NMT ___10___ years; NMT $ _250,000_ fine, or both;
                Supervised Release up to 5 years;
                Counts 2, 7-9:  NMT _10_ years; NMT $ 250,000_ fine, or both;
                Supervised Release up to 5 years

AGENT:          Richard Karr, Special Agent
                FBI

AUTHORIZED BY:  Mark Blumberg, Trial Attorney, Civil Rights Division
                Richard McNally, Trial Attorney, Civil Rights Division
                Robert E. Mydans, Assistant U.S. Attorney

ESTIMATED TIME OF TRIAL:

_____ five days or less

__X__ over five days

_____ other

THE GOVERNMENT

_____ will seek detention in this case

__X__ will not seek detention in this case

The statutory presumption of detention **is** or **is not** applicable to this defendant. **(Circle one)**

# 00-CR- 481

DATE:

FILED
U.S. DISTRICT COURT
DISTRICT OF COLORADO
November 2, 2000

2000 NOV -2 PM 1: 33

JAMES R. MANSPEAKER
CLERK

BY_____DEP. CLK

DEFENDANT:    Rod Schultz

ADDRESS:

OFFENSE:    Count 1: 18 USC § 241: Conspiracy Against Rights
Counts 2, 7, 9: 18 USC §§ 242 and 2: Deprivation of Rights Under Color
of Law

PENALTY:    Count 1: NMT ___10___ years; NMT $ _250,000_ fine, or both;
Supervised Release up to 5 years;
Counts 2, 7, 9: NMT _10_ years; NMT $ 250,000_ fine, or both;
Supervised Release up to 5 years

AGENT:    Richard Karr, Special Agent
FBI

AUTHORIZED BY:  Mark Blumberg, Trial Attorney, Civil Rights Division
Richard McNally, Trial Attorney, Civil Rights Division
Robert E. Mydans, Assistant U.S. Attorney

ESTIMATED TIME OF TRIAL:

_____ five days or less

__X__ over five days

_____ other

THE GOVERNMENT

_____ will seek detention in this case

__X__ will not seek detention in this case

The statutory presumption of detention **is** or **is not** applicable to this defendant. **(Circle one)**

## 00 - CR - 481 D

DATE:

FILED
U.S. DISTRICT COURT
DENVER, COLORADO
November 2, 2000

2000 NOV -2 PM 1:33

JAMES R. MANSPEAKER
CLERK

BY——————————DEP. CLK

DEFENDANT:     David Pruyne

ADDRESS:

OFFENSE:       Count 1: 18 USC § 241: Conspiracy Against Rights
               Counts 5, 9: 18 USC §§ 242 and 2: Deprivation of Rights Under Color of
                   Law

PENALTY:       Count 1: NMT ___10___ years; NMT $ _250,000_ fine, or both;
               Supervised Release up to 5 years;
               Counts 5, 9:  NMT _10_ years; NMT $_250,000_ fine, or both;
               Supervised Release up to 5 years

AGENT:         Richard Karr, Special Agent
               FBI

AUTHORIZED BY: Mark Blumberg, Trial Attorney, Civil Rights Division
               Richard McNally, Trial Attorney, Civil Rights Division
               Robert E. Mydans, Assistant U.S. Attorney

ESTIMATED TIME OF TRIAL:

_____ five days or less

__X__ over five days

_____ other

THE GOVERNMENT

_____ will seek detention in this case

__X__ will not seek detention in this case

The statutory presumption of detention **is** or **is not** applicable to this defendant. (**Circle one**)

## 00-CR- 481D

DATE: 

FILED
U.S. DISTRICT COURT
November 2, 2000 COLORADO

2000 NOV -2 PH 1:33

JAMES R. MANSPEAKER
CLERK

BY————————DEP. CLK

DEFENDANT: Ken Shatto

ADDRESS:

OFFENSE: Count 1: 18 USC § 241: Conspiracy Against Rights
Counts 4, 9: 18 USC §§ 242 and 2: Deprivation of Rights Under Color of
Law

PENALTY: Count 1: NMT ___10___ years; NMT $ _250,000_ fine, or both;
Supervised Release up to 5 years;
Counts 4, 9: NMT _10_ years; NMT $ 250,000 fine, or both;
Supervised Release up to 5 years

AGENT: Richard Karr, Special Agent
FBI

AUTHORIZED BY: Mark Blumberg, Trial Attorney, Civil Rights Division
Richard McNally, Trial Attorney, Civil Rights Division
Robert E. Mydans, Assistant U.S. Attorney

ESTIMATED TIME OF TRIAL:

_____ five days or less

__X__ over five days

_____ other

THE GOVERNMENT

_____ will seek detention in this case

__X__ will not seek detention in this case

The statutory presumption of detention **is** or **is not** applicable to this defendant. (**Circle one**)

00-CR- 481 D

DATE: November 2, 2000

FILED
U.S. DISTRICT COURT
DISTRICT COLORADO

2000 NOV -2 PM 1: 33

JAMES R. MANSPEAKER
CLERK

BY_____DEP. CLK

DEFENDANT:    Robert Verbickas

ADDRESS:

OFFENSE:    Count 1: 18 USC § 241: Conspiracy Against Rights
Counts 3, 6, 8, 9: 18 USC §§ 242 and 2: Deprivation of Rights Under
Color of Law

PENALTY:    Count 1: NMT ___10___ years; NMT $ _250,000_ fine, or both;
Supervised Release up to 5 years;
Counts 3, 6, 8, 9: NMT _10_ years; NMT $ 250,000 _ fine, or both;
Supervised Release up to 5 years

AGENT:    Richard Karr, Special Agent
FBI

AUTHORIZED BY:  Mark Blumberg, Trial Attorney, Civil Rights Division
Richard McNally, Trial Attorney, Civil Rights Division
Robert E. Mydans, Assistant U.S. Attorney

ESTIMATED TIME OF TRIAL:

_____ five days or less

__X__ over five days

_____ other

THE GOVERNMENT

_____ will seek detention in this case

__X__ will not seek detention in this case

The statutory presumption of detention **is** or **is not** applicable to this defendant. **(Circle one)**

## 00-CR- 481

DATE:

FILED
U.S. DISTRICT COURT
November 2, 2000 COLORADO

2000 NOV -2 PM 1:33

JAMES R. MANSPEAKER
CLERK

BY——————DEP. CLK

DEFENDANT:      Brent Gall

ADDRESS:

OFFENSE:        Count 1: 18 USC § 241: Conspiracy Against Rights
                Count 4: 18 USC §§ 242 and 2: Deprivation of Rights Under Color of Law

PENALTY:        Count 1: NMT ____10____ years; NMT $ _250,000__ fine, or both;
                Supervised Release up to 5 years;
                Count 4:  NMT _10_ years; NMT $_250,000__ fine, or both;
                Supervised Release up to 5 years

AGENT:          Richard Karr, Special Agent
                FBI

AUTHORIZED BY:  Mark Blumberg, Trial Attorney, Civil Rights Division
                Richard McNally, Trial Attorney, Civil Rights Division
                Robert E. Mydans, Assistant U.S. Attorney

ESTIMATED TIME OF TRIAL:

_____ five days or less

__X__ over five days

_____ other

THE GOVERNMENT

_____ will seek detention in this case

__X__ will **not seek** detention in this case

The statutory presumption of detention **is** or **is not** applicable to this defendant. **(Circle one)**

# 00-CR- 481 D

DATE:

FILED
U.S. DISTRICT COURT
November 2, 2000 RADO

2000 NOV -2 PM 1:33

JAMES R. HANSPEAKER
CLERK

BY_____DEP. CLK

DEFENDANT:      James Bond

ADDRESS:

OFFENSE:        Count 1: 18 USC § 241: Conspiracy Against Rights
                Count 7: 18 USC §§ 242 and 2: Deprivation of Rights Under Color of Law

PENALTY:        Count 1: NMT ___10___ years; NMT $ _250,000_ fine, or both;
                Supervised Release up to 5 years;
                Count 7, 9:  NMT _10_ years; NMT $_250,000_ fine, or both;
                Supervised Release up to 5 years

AGENT:          Richard Karr, Special Agent
                FBI

AUTHORIZED BY:  Mark Blumberg, Trial Attorney, Civil Rights Division
                Richard McNally, Trial Attorney, Civil Rights Division
                Robert E. Mydans, Assistant U.S. Attorney

ESTIMATED TIME OF TRIAL:

_____ five days or less

__X__ over five days

_____ other

THE GOVERNMENT

_____ will seek detention in this case

__X__ will not seek detention in this case

The statutory presumption of detention **is** or **is not** applicable to this defendant. **(Circle one)**

## 00-CR- 481D

FILED
U.S. DISTRICT COURT
IN THE UNITED STATES DISTRICT COURT DISTRICT OF COLORADO
FOR THE DISTRICT OF COLORADO

2000 NOV -2 PM 1:34

Criminal Case No. 00-CR- 481D

JAMES R. HANSPEAKER
CLERK

UNITED STATES OF AMERICA,

BY_____DEP. CLK

Plaintiff,

v.

MIKE LAVALLEE,
ROD SCHULTZ,
KEN SHATTO,
DAVID PRUYNE,
ROBERT VERBICKAS,
BRENT GALL,
JAMES BOND,

Defendants.

---

NOTICE OF RELATED CASE STATUS
PURSUANT TO LOCAL RULE 40.1 (C)

---

COMES NOW, The United States of America, by United States Attorney Thomas L.

Strickland, through Assistant U.S. Attorney Robert E. Mydans, pursuant to provisions of Rule

40.1 (C) of the Local Rules of Practice, hereby advises the Court and the Clerk of the Court that

the above-captioned case is related to United States v. David Armstrong, Criminal Case Number

99-CR-190-D, in that the criminal conduct is the same set of facts and witnesses.

Respectfully submitted,

THOMAS L. STRICKLAND
United States Attorney

By: ROBERT E. MYDANS
Assistant United States Attorney

AO 83 (Rev 10/85)    Summons in a Criminal Case

# United States District Court

_____ STATE AND _____    DISTRICT OF _____ COLORADO _____

| UNITED STATES OF AMERICA | **SUMMONS IN A CRIMINAL CASE** |
|---|---|

**V.**

MIKE LAVALLEE,
ROD SCHULTZ,
KEN SHATTO,
DAVID PRUYNE,
ROBERT VERBICKAS,
BRENT GALL,
JAMES BOND

**CASE NUMBER:**

00 - CR - 481

**TO:  Mike Lavallee**

**X YOU ARE HEREBY SUMMONED** to appear before the United States District Court at the place, date, and time set forth below.

| PLACE | COURTROOM   C - 202 |
|---|---|
| Federal Courthouse 1929 Stout Street Denver, Colorado O. Edward Schlatter Magistrate Judge | **DATE AND TIME** 11/16/00   1:30 p.m. |
| **BEFORE:** | |

**To answer a(n)**

**X INDICTMENT**  ☐ **INFORMATION**  ☐ **COMPLAINT**  ☐ **VIOLATION NOTICE**  ☐ **PROBATION VIOLATION PETITION**

Charging you with a violation of Title ___ 18 ___, United States Code, Section(s) ___ 241, 242 ___

**Brief description of offense:**

PRIOR TO APPEARANCE IN COURT, REPORT AS FOLLOWS:
U.S. Pretrial Services at _____ 9'00 _____, Room C-191.
U.S. Marshal at _____ 10'00 _____, Room C-326.

Conspiracy Against Rights; Deprivation of Rights Under Color of Law

JAMES R. MANSPEAKER
Clerk, U. S. District Court

_____
Signature of Issuing Officer

_____
Name and Title of Issuing Officer

11/2/00
Date

AO 83 (Rev 10/85)   Summons in a Criminal Case

# United States District Court

STATE AND _____   DISTRICT OF _____ COLORADO _____

UNITED STATES OF AMERICA

V.

MIKE LAVALLEE,
ROD SCHULTZ,
KEN SHATTO,
DAVID PRUYNE,
ROBERT VERBICKAS,
BRENT GALL,
JAMES BOND

## SUMMONS IN A CRIMINAL CASE

CASE NUMBER:

00-CR- 481D

**TO:  Robert Verbickas**

**X YOU ARE HEREBY SUMMONED** to appear before the United States District Court at the place, date, and time set forth below.

| PLACE | COURTROOM   C - 202 |
|---|---|
| Federal Courthouse 1929 Stout Street Denver, Colorado | |
| BEFORE: O. Edward Schlatter Magistrate Judge | DATE AND TIME 11/16/00   1:30 p.m. |

### To answer a(n)

**X** INDICTMENT   ☐ INFORMATION   ☐ COMPLAINT   ☐ VIOLATION NOTICE   ☐ PROBATION VIOLATION PETITION

Charging you with a violation of Title ____18____, United States Code, Section(s) ____241, 242____

**Brief description of offense:**   PRIOR TO APPEARANCE IN COURT, REPORT AS FOLLOWS:
U.S. Pretrial Services at ____9:00____, Room C-191.
U.S. Marshal at ____10.00____, Room C-326.

Conspiracy Against Rights; Deprivation of Rights Under Color of Law

JAMES R. MANSPEAKER
Clerk, U. S. District Court

**Signature of Issuing Officer**

**Name and Title of Issuing Officer**

____11/2/00____
**Date**

AO 83 (Rev 10/85)   Summons in a Criminal Case

# United States District Court

STATE AND _____ DISTRICT OF _____ COLORADO _____

UNITED STATES OF AMERICA

V.

MIKE LAVALLEE,
ROD SCHULTZ,
KEN SHATTO,
DAVID PRUYNE,
ROBERT VERBICKAS,
BRENT GALL,
JAMES BOND

## SUMMONS IN A CRIMINAL CASE

CASE NUMBER:

00 - CR - 481

TO:  **JAMES BOND**

**X YOU ARE HEREBY SUMMONED** to appear before the United States District Court at the place, date, and time set forth below.

| PLACE | | COURTROOM   C - 202 |
|---|---|---|
| | Federal Courthouse 1929 Stout Street Denver, Colorado | **DATE AND TIME** |
| BEFORE: | O. Edward Schlatter Magistrate Judge | 11/16/00   1:30 p.m. |

**To answer a(n)**

**X INDICTMENT**   ☐ **INFORMATION**   ☐ **COMPLAINT**   ☐ **VIOLATION NOTICE**   ☐ **PROBATION VIOLATION PETITION**

Charging you with a violation of Title ___18___, United States Code, Section(s) ___241, 242___

**Brief description of offense:**  PRIOR TO APPEARANCE OF 11/16/00 REPORT AS FOLLOWS:
U.S. Pretrial Services at ___9:00___, Room C-191.
U.S. Marshal at ___10:00___, Room C-326.

Conspiracy Against Rights; Deprivation of Rights Under Color of Law

JAMES R. MANSPEAKER
Clerk, U. S. District Court

_____
Signature of Issuing Officer

_____
Name and Title of Issuing Officer

11/2/00
_____
Date

AO 83 (Rev 10/85)    Summons in a Criminal Case

# United States District Court

STATE AND _____ DISTRICT OF _____ COLORADO _____

UNITED STATES OF AMERICA

## SUMMONS IN A CRIMINAL CASE

V.

MIKE LAVALLEE,
ROD SCHULTZ,
KEN SHATTO,
DAVID PRUYNE,
ROBERT VERBICKAS,
BRENT GALL,
JAMES BOND

**CASE NUMBER:**

## 00-CR- 481D

TO:  **Ken Shatto**

**X** YOU ARE HEREBY SUMMONED  to appear before the United States District Court at the place, date, and time set forth below.

| PLACE | COURTROOM   C - 202 |
|-------|---------------------|
| Federal Courthouse<br>1929 Stout Street<br>Denver, Colorado | **DATE AND TIME** |
| BEFORE: *O. Edward Schlatter Magistrate Judge* | 11/16/00   1:30 p.m. |

### To answer a(n)

**X** INDICTMENT   ☐ INFORMATION   ☐ COMPLAINT   ☐ VIOLATION NOTICE   ☐ PROBATION VIOLATION PETITION

Charging you with a violation of Title ___18___, United States Code, Section(s) ___241, 242___

**Brief description of offense:**

PRIOR TO APPEARANCE YOU MUST REPORT AS FOLLOWS:
U.S. Pretrial Services at ___9:00___, Room C-191.
U.S. Marshal at ___10:00___, Room C-326.

Conspiracy Against Rights; Deprivation of Rights Under Color of Law

*JAMES R. MANSPEAKER*
*Clerk, U. S. District Court*

Date  11/2/00

**Signature of Issuing Officer**

**Name and Title of Issuing Officer**

AO 83 (Rev 10/85)    Summons in a Criminal Case

# United States District Court

STATE AND _____    DISTRICT OF _____ COLORADO _____

UNITED STATES OF AMERICA

V.

MIKE LAVALLEE,
ROD SCHULTZ,
KEN SHATTO,
DAVID PRUYNE,
ROBERT VERBICKAS,
BRENT GALL,
JAMES BOND

## SUMMONS IN A CRIMINAL CASE

CASE NUMBER:

00-CR- 481

TO:  **Rod Schultz**

**X YOU ARE HEREBY SUMMONED** to appear before the United States District Court at the place, date, and time set forth below.

| PLACE | COURTROOM   C-202 |
|---|---|
| Federal Courthouse<br>1929 Stout Street<br>Denver, Colorado<br>**BEFORE:** O. Edward Schlatter<br>~~Magistrate Judge~~ | **DATE AND TIME**<br><br>11/16/00   1:30 p.m. |

To answer a(n)

**X** INDICTMENT   ☐ INFORMATION   ☐ COMPLAINT   ☐ VIOLATION NOTICE   ☐ PROBATION VIOLATION PETITION

Charging you with a violation of Title ____18____, United States Code, Section(s) ____241, 242____

**Brief description of offense:**     PRIOR TO APPEARANCE IN COURT, REPORT AS FOLLOWS:
U.S. Pretrial Services at ___9:00___, Room C-191.
U.S. Marshal at _____10:00_____, Room C-326.

Conspiracy Against Rights; Deprivation of Rights Under Color of Law

JAMES R. MANSPEAKER
Clerk, U. S. District Court

_____
**Signature of Issuing Officer**

_____
**Name and Title of Issuing Officer**

11/2/00
**Date**

AO 83 (Rev 10/85)   Summons in a Criminal Case

# United States District Court

_____ STATE AND _____ DISTRICT OF _____ COLORADO _____

UNITED STATES OF AMERICA

**SUMMONS IN A CRIMINAL CASE**

V.

MIKE LAVALLEE,
ROD SCHULTZ,
KEN SHATTO,
DAVID PRUYNE,
ROBERT VERBICKAS,
BRENT GALL,
JAMES BOND

**CASE NUMBER:**

## 00-CR- 481D

**TO:** David Pruyne

**X YOU ARE HEREBY SUMMONED** to appear before the United States District Court at the place, date, and time set forth below.

| PLACE | | COURTROOM   C - 202 |
|---|---|---|
| | Federal Courthouse 1929 Stout Street Denver, Colorado | **DATE AND TIME** |
| BEFORE: | O. Edward Schlatter Magistrate Judge | 11/16/00   1:30 p.m. |

**To answer a(n)**

**X** INDICTMENT   ☐ INFORMATION   ☐ COMPLAINT   ☐ VIOLATION NOTICE   ☐ PROBATION VIOLATION PETITION

Charging you with a violation of Title ____18____, United States Code, Section(s) ____241, 242____

**Brief description of offense:**

PRIOR TO APPEARANCE IN COURT, REPORT AS FOLLOWS:
U.S. Pretrial Services at ___9:00___, Room C-191.
U.S. Marshal at ___10:00___, Room C-326.

Conspiracy Against Rights; Deprivation of Rights Under Color of Law

JAMES R. MANSPEAKER
Clerk, U. S. District Court

_____
**Signature of Issuing Officer**

_____
**Name and Title of Issuing Officer**

___11/2/00___
**Date**

AO 83 (Rev 10/85)    Summons in a Criminal Case

# United States District Court

STATE AND _____    DISTRICT OF _____ COLORADO _____

UNITED STATES OF AMERICA

V.

MIKE LAVALLEE,
ROD SCHULTZ,
KEN SHATTO,
DAVID PRUYNE,
ROBERT VERBICKAS,
BRENT GALL,
JAMES BOND

## SUMMONS IN A CRIMINAL CASE

CASE NUMBER:

00-CR- 481D

TO:  BRENT GALL

X YOU ARE HEREBY SUMMONED to appear before the United States District Court at the place, date, and time set forth below.

| PLACE | COURTROOM   C - 202 |
|-------|---------------------|
| Federal Courthouse 1929 Stout Street Denver, Colorado | **DATE AND TIME** |
| BEFORE: Edward Schlatter Magistrate Judge | 11/16/00   1:30 p.m. |

To answer a(n)

X INDICTMENT   ☐ INFORMATION   ☐ COMPLAINT   ☐ VIOLATION NOTICE   ☐ PROBATION VIOLATION PETITION

Charging you with a violation of Title ___18___, United States Code, Section(s) ___241, 242___

Brief description of offense:    PRIOR TO APPEARANCE IN COURT, REPORT AS FOLLOWS:
U.S. Pretrial Services at __9:00__, Room C-191.
U.S. Marshal at __10:00__, Room C-326.

Conspiracy Against Rights; Deprivation of Rights Under Color of Law

JAMES R. MANSPEAKER
Clerk, U. S. District Court

_____        11/2/00
Signature of Issuing Officer             Date

_____
Name and Title of Issuing Officer